GEROTHMAN W. CORNELL, Assignee, etc., Respond-
ent, v. EMERSON P. MARKHAM, Appellant.

*Contract — admissibility of evidence as to the value of services to be rendered, as
bearing on the question whether a certain contract was made.*

Appeal from a judgment in favor of the plaintiff, entered
upon the report of a referee.

The action was originally brought by Reynolds Carpenter and
Andrew P. Carpenter, to recover of the defendant the rent of
certain dwelling-houses occupied by him. Pending the action the
Carpenters made a general assignment for the benefit of creditors
to the present plaintiff, who continued the action in his name.

There was no dispute as to the fact of occupation. The
defendant claimed that he was to keep the books of the assignors,
and of one Green, from whom they had purchased; and that he
and Potter were, each of them, to have the rent of a house, and
of a store, for the services of the defendant as such book-keeper.
The real dispute between the parties was whether, for such
services as book-keeper, there was to be allowed the rent of the
store only, or the rent both of the store and the houses.

The referee found this fact in favor of the plaintiff.

The court, at General Term, after holding that this finding was
sustained by the evidence, said: "But the defendant insists that
the referee erred in excluding evidence as to the rental value of
the store, and as to the value of defendant's services. Of course
this evidence could not change the bargain between the par-
ties. Whether it was good or bad for defendant, he must abide
by it. Nor did the defendant offer the evidence for that pur-
pose. But on the disputed question between the parties as
to what the bargain was, he desired to show that the bargain,
as testified to on the part of the plaintiffs, was so unreasonable as
to throw doubt on the correctness of their theory.

"We think the defendant should have been allowed to prove
their facts. In the case of *Kavanagh* v. *Wilson* (70 N. Y., 177),
the plaintiff sought to recover commissions for selling real estate.
A witness testified to the alleged contract which fixed a certain

sum for commissions. Proof was given tending to show that this sum was greatly in excess of the ordinary value or price of such services. No intimation is given that such evidence was improper. And the Court of Appeals say that it should have been allowed its weight, and therefore that the case should have gone to the jury. In that case, there was no direct contradictory evidence, as to the terms of the contract. So that evidence was admitted, showing that its terms were unreasonable and excessive.

" In like manner on the question what the contract actually was, that being in dispute, we think that, in this case, the defendant should have been allowed to show the attendant circumstances ; that is, the value of the things, in respect to which the contract was made, being the services and the rent ; and this, not to change the contract, but as evidence of what it was. For instance : if a plaintiff sued a defendant for the contract price of a watch, and testified that the defendant agreed to pay $1,000 for it, while the defendant testified that he agreed to pay only $100, would it not be material evidence to show that the watch was worth only $50 ?

*E. F. Bullard,* for the appellant. *Edgar L. Fursman,* for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, reference discharged, costs to abide event.